An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEL CARDENAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65222

**FILED**

JAN 1 5 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

On appeal from the denial of his May 30, 2012, petition, appellant argues that the district court erred in denying some of his claims of ineffective assistance of trial counsel without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01709

First, appellant argues that counsel was ineffective for stipulating to the admission of the interview and test results from polygraph examinations of the victim and appellant. Appellant's claim fails to demonstrate deficiency or prejudice. Appellant fails to cite to authority in support of his claim that the admission of the evidence violated his Fifth Amendment right against self-incrimination. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Moreover, appellant's failure to include complete trial transcripts in his appendix prevents this court from reviewing the district court's conclusion that appellant failed to demonstrate a reasonable probability of a different outcome at trial but for counsel's alleged deficient performance. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Second, appellant argues that counsel was ineffective for failing to adequately investigate the victim's and appellant's levels of intoxication and provide that information to his expert witness. Appellant's bare claim fails to demonstrate prejudice because he does not indicate what a more thorough investigation would have revealed, *see Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004), and his failure to provide complete trial transcripts precludes our review of the district court's conclusion that appellant failed to demonstrate prejudice. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Third, appellant argues that counsel was ineffective for stipulating to the admission of evidence proving that appellant fled the

jurisdiction to avoid trial. Appellant fails to demonstrate deficiency or prejudice. Appellant neither disputes his flight nor alleges that the State might not have proven it absent the stipulation. Appellant thus fails to demonstrate a reasonable probability of a different outcome absent the stipulation. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Finally, appellant argues that counsel was ineffective for failing to inform him of an earlier, more favorable guilty-plea offer. Because this claim was not raised before the court below, we decline to consider it on appeal in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

Parraguirre, J.

Douglas, J.

Cherry, J.

cc:   Hon. Robert W. Lane, District Judge
      David H. Neely, III
      Nye County District Attorney
      Nye County Clerk